UNITED STATES *v.* AMERICAN IMPORT CO. (No. 998).[1]

NIGHT LIGHTS, PARTLY METAL.
  Metal forms not only a very considerable part of the merchandise, but is, in fact, a very important, substantial, and material constituent of the goods. Paragraph 199, tariff act of 1909, is clearly applicable.

United States Court of Customs Appeals, October 28, 1912.

APPEAL from Board of United States General Appraisers, Abstract 29614 (T. D. 32780).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*William A. Robertson,* special attorney, of counsel; *Frank L. Lawrence,* special attorney, on the brief) for the United States.

No appearance for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

The subject of this controversy is "night lights," which consist of a cork float, capped with metal, and a bit of wax taper held upright in the float by passing the taper through a thin metal cross, which fits into a corresponding cruciform depression in the metal-topped float. The collector of customs at the port of San Francisco classified this merchandise as a manufacture of metal and assessed it for duty at the rate of 45 per cent ad valorem under the provisions of paragraph 199 of the tariff act of 1909, which paragraph reads as follows:

199. Articles or wares not specially provided for in this section, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem.

---

[1] Reported in T. D. 32912 (23 Treas. Dec., 334).

The importers objected to this classification of the goods and assessment of duty thereon, and as grounds for their objection protested that the merchandise was dutiable either as a manufactured article not enumerated or provided for under paragraph 480 or as a manufacture of wax under paragraph 462. Paragraphs 480 and 462 are as follows, to wit:

480. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles, not enumerated or provided for in this section, a duty of ten per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this section, a duty of twenty per centum ad valorem.

462. Manufactures of amber, asbestos, bladders, catgut or whip gut or worm gut, or wax, or of which these substances or any of them is the component material of chief value, not specially provided for in this section, twenty-five per centum ad valorem; woven fabrics composed wholly or in chief value of asbestos, forty per centum ad valorem.

No testimony was submitted on the hearing before the board and that tribunal had no evidence before it save that afforded by samples of the merchandise and the return of the appraiser. The board sustained the protest and the Government appealed.

The decision of the board finds that the night lights here involved are for all practical purposes identical with those of the Borgfeldt case, Abstract 29597 (T. D. 32780), in which it was held by the board that the metal component was negligible in quantity. The record and samples in the Borgfeldt case were not made a part of this case, and we have no means of determining whether the merchandise imported by the appellee in this issue was or was not identical with that which was made the subject of protest by Borgfeldt. But even if both importations were identical, we must say that the samples submitted to us in this case do not lead us to the conclusion that the metal which enters into their composition is negligible in quantity. The little tongs used to remove an expended taper and to put in place an unexpended one is wholly of metal, as is also the cross which serves as a holder for the taper. Moreover, the cork-ring float, which has an extreme diameter of 1½ inches, is capped with metal, which projects beyond the ring into a small handle and into four points, which are bent into the cork in order to hold the metal cap in place.

We think the official samples fully justify us in saying that the metal in the goods is not negligible in quantity and does not form a trifling incidental or accidental part of the article imported. Indeed, the extent to which metal is employed in making up the goods and the fact that the metal cap and metal cross are apparently used to prevent the ignited taper from injuring the float satisfies us not only that metal forms a very considerable part of the merchandise, but that metal is in truth and in fact a very important, substantial, and material constituent of the goods. The tariff provision requiring

night lights of the kind here in question to carry a much higher rate than that imposed on other merchandise serving a similar purpose may or may not be ill advised, but with that we have nothing to do. Paragraph 199 clearly covers the goods, and if that provision is too broad it is within the power of Congress and not of the courts to amend it. In our opinion, the goods were properly classified and assessed by the collector.

The decision of the Board of General Appraisers is therefore *reversed.*